UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Maxx Towing, Inc.,

      Debtor.

_____/

Case No. 09-70719
Chapter 11
Hon. Walter Shapero

## OPINION DENYING UNITED STATES TRUSTEE'S
## TIME BAR OBJECTION TO CONFIRMATION

The matter before the Court is United States Trustee's Objection to Confirmation of Debtor's Chapter 11 Plan pursuant to 11 U.S.C. 1129(e).

### I. BACKGROUND

Maxx Towing, Inc. ("Debtor") filed its Chapter 11 bankruptcy petition on October 2, 2009. On its bankruptcy petition, Debtor indicated that it was a small business debtor as defined in 11 U.S.C. § 101(51D). Debtor filed its original Chapter 11 Plan and Disclosure Statement on March 31, 2010 (Docket No. 36). Pursuant to this Court's order, Debtor filed Amended Plans on April 14, 2010 (Docket No. 40) and May 9, 2010 (Docket No. 55). On May 10, 2010, the Court entered an Order Granting Preliminary Approval of the Disclosure Statement (Docket No. 56), setting a confirmation hearing date for June 17, 2010. Debtor requested an adjournment of that confirmation hearing to June 24, 2010 because the June 17, 2010 date conflicted with a bankruptcy conference the Court and many attorneys were attending.

At the confirmation hearing on June 24, 2010, Debtor's counsel indicated that most of the objections to confirmation had been resolved and that the primary remaining objection related to valuation of real property. The Court scheduled an evidentiary hearing on the property valuation issue for August 25, 2010. That evidentiary hearing was adjourned by stipulation of the parties four times. At that evidentiary hearing, finally held on January 12, 2011, the United States Trustee ("UST") raised a preliminary objection to confirmation, arguing that the Court cannot confirm Debtor's Plan because the deadline set under § 1129(e) for confirmation in small business cases had passed. At that time, the Court decided to defer ruling on the § 1129(e) issue,

1

an issue of first impression on this Court, until after it had time to review the record and make its decision on the property valuation issue that was the subject of the evidentiary hearing (and that needed to be determined prior to confirmation because the valuation result might preclude confirmation in any event). On March 28, 2011, the Court entered its Opinion Regarding Value of Real Property and Sustaining Creditor's Valuation Objection to Confirmation of Debtor's Plan (Docket No. 90), and also set a status conference for April 21, 2011 to discuss the effects of that decision on the confirmability of Debtor's Plan. At that status conference, the Debtor's counsel indicated that the only remaining confirmation issues were a question of feasibility raised by a creditor and the § 1129(e) issue raised by the UST. At a newly set May 5, 2011 confirmation hearing, the Court indicated that it would first rule on the § 1129(e) issue, and, if the Court ruled against the UST on that issue, it would set an evidentiary hearing on the remaining feasibility issue.

The UST's position is that 11 U.S.C. § 1129(e) requires a small business debtor to obtain confirmation of a plan within 45 days from the date of filing of the plan unless the time is extended under § 1121(e)(3) and, because such didn't timely occur, no plan can be confirmed and the case must be dismissed. Debtor contends that (1) since it is primarily involved in the business of owning and operating real property, it is not a small business debtor as defined in § 101(51D); (2) § 1129(e) does not prohibit confirmation of a plan after the 45 day deadline has passed and does not require that a case be dismissed for failure to confirm that plan within that time; and (3) it complied with the requirements of § 1121(e)(3) in getting the deadlines extended.

## II. DISCUSSION

### A. Whether the Case is to be Administered as that of a Small Business Debtor

Debtor argues that it is not a "small business debtor" as defined in 11 U.S.C. § 101(51D). Under the circumstances of this case, that question need not be addressed. On its petition, Debtor checked a box designating that "Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)." Debtor has not attempted to amend its petition with regard to its status as a "small business debtor" and it has not previously argued that it is not a "small business debtor." Under Fed. R. Bankr. P. 1020(a), "the status of the case as a small business case shall be in accordance with the debtor's statement[,]" which means the case is to be administered as so designated unless, under Rule 1020(b), (1) objections by the UST or an interested party were timely raised

2

and the Court as a result finds the designation incorrect, or (2) the Debtor timely amended the designation. No objections were timely raised by either the UST or an interested party and the Debtor has not amended the designation. Therefore, this case is considered to be that of a "small business debtor" and administered as such.

### B. Whether § 1129(e) Prohibits Confirmation of Debtor's Plan

Section 1121(e)(2) provides, that in a small business case, the plan and disclosure statement shall be filed not later than 300 days after the order for relief. 11 U.S.C. § 1121(e)(2). In this case, that date was July 29, 2010, and the initial plan was filed on March 31, 2010. Two amended plans were filed on April 14, 2010 and May 9, 2010, which included corrections made at the Court's request. Section 1129(e) states: "In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." 11 U.S.C. § 1129(e). The statute is not clear whether the 45-day period should begin running on the date the original plan is filed or whether a new 45-day period is allowed after the filing of amended plans. In this case, that 45 day deadline was either May 15, 2010 (if the date the original plan was filed is the proper date) or June 23, 2010 (if the date the last amended plan was filed is the proper date). Section 1121(e)(3) allows for an extension of the time limitations imposed under § 1129(e) (plan confirmation in this case) if three requirements are met. That section states, in relevant part:

> the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if –
> (A) the debtor, after providing notice to parties in interest (including the United States Trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
> (B) a new deadline is imposed at the time the extension is granted; and
> (C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3).

In this case, there was no formal request, nor was there an order timely entered, extending whatever was the 45-day confirmation deadline. Thus, the UST argues, confirmation must be denied, and the case dismissed.

3

Most of the few cases considering this issue in essence support the UST's position. *In re Roots Rents, Inc.*, 420 B.R. 28 (Bankr. D. Idaho 2009) (requiring denial of untimely motion to extend 45 day deadline for confirmation under § 1129(e) and dismissal of Chapter 11 case); *In re CCT Commc'ns, Inc.*, 420 B.R. 160 (Bankr. S.D.N.Y. 2009) (if the small business debtor fails to confirm a plan within 45 days after it was filed, cause is established under § 1112(b)(4)(J) to dismiss and the court must dismiss or convert unless it determines that one or more of the three limited exceptions exist); *In re J & J Fritz Media, Ltd.*, 2010 WL 4882601, at *3 (Bankr. W.D. Tex. Nov. 24, 2010) ("A small business case must be confirmed within 45 days after the filing of a plan"); *In re Caring Heart Home Health Corp.*, 380 B.R. 908, 910 (Bankr. S.D. Fla. 2008) (the statute requires denial of an untimely motion to extend the 45 day deadline for confirmation under § 1129(e) and dismissal of the Chapter 11 case); *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 393 B.R. 452, 456 (Bankr. W.D. Tex. 2008) (failure to confirm a plan within 45 days of filing the plan constitutes "cause" within the meaning of § 1112(b)(1) to dismiss or convert a Chapter 11 case).

A recent case bearing on the issue, *In re Crossroads Ford, Inc.*, 2011 WL 1195792 (Bankr. D. Neb. Mar. 29, 2011), held that "a Chapter 11 small business debtor case is not required to be dismissed simply because the first plan filed by that debtor was not confirmed within 45 days of its filing." In that case, the plan was filed within 300 days of the petition date in accordance with § 1121(e), this disclosure statement was approved, and the confirmation hearing was scheduled for the 45th day after the plan filing date. A creditor filed an objection to the plan and, in an attempt to resolve that objection, the debtor obtained an un-objected to, one-week continuance of the confirmation hearing. The plan was later withdrawn after it became apparent that the objection would not be resolved. The debtor then sought to file a second plan rather than have the case dismissed. That court, after reviewing each of the above mentioned cases, stated:

> Although each of the cases discussed interprets the Code as requiring the debtor to obtain confirmation within 45 days of the filing date of the plan or suffer dismissal, none of the cases deal with a fact situation similar to this case and none consider the statutory language in 11 U.S.C. § 1129(e) that "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed . . ." That language does not appear to be a deadline for the debtor, but rather appears to be a mandate on the court. Practically speaking, it requires the court to override the normal time frames for notice and approval of a disclosure

statement and plan confirmation date contained in Federal Rule of Bankruptcy Procedure 2002(b), which are 28 days for each. There is no penalty imposed on the debtor if the deadline is not met, in contrast to the result under § 362(e)(1), terminating the automatic stay unless the court rules in 30 days or the movant consents to an extension or the court finds a compelling reason for extension of the deadline for ruling.

*In re Crossroads Ford, Inc.*, 2011 WL 1195792, at *3 (Bankr. D. Neb. Mar. 29, 2011).

This Court agrees with the reasoning and conclusion articulated in the *In re Crossroads Ford, Inc.* case and would apply such to this case. As noted, Debtor timely filed its plan within 300 days of the petition date in accordance with § 1121(e). It should be noted that the Chapter 11 Case Management Order Establishing Deadlines and Procedures for a "Small Business" Debtor ("Case Management Order") (Docket No. 15) set a March 31, 2010 deadline for the Debtor to file a combined plan and disclosure statement and set a confirmation hearing date of May 13, 2010 (which was 43 days after the plan filing deadline). It should also be noted that the Order Granting Preliminary Approval of the Disclosure Statement, which granted preliminary approval of the Amended Plan filed on May 9, 2010, changed the date of the confirmation hearing from May 13, 2010 (the date indicated in the Case Management Order) to June 17, 2010 (which was 39 days after the date the Amended Plan was filed, but 78 days after the original plan was filed). As noted earlier, that June 17, 2010 confirmation hearing was adjourned to June 24, 2010 due to a bankruptcy conference. At that June 24, 2010 confirmation hearing, the Court set an evidentiary hearing for August 25, 2010 to hear evidence regarding the value of the Debtor's real property for lien stripping, which was the only remaining issue hindering confirmation. That evidentiary hearing was adjourned by stipulation of the parties four times. At that evidentiary hearing held on January 12, 2011, the United States Trustee ("UST") first raised a preliminary objection to confirmation pursuant to § 1129(e). At that time, the Court decided to defer ruling on the § 1129(e) issue until after it had time to review the record and make its decision on the property valuation/lien stripping issue. On March 28, 2011, the Court entered its Opinion Regarding Value of Real Property and Sustaining Creditor's Valuation Objection to Confirmation of Debtor's Plan (Docket No. 90). At a status conference the Court set for April 21, 2011, Debtor's counsel indicated the only remaining issues were a question of feasibility raised by a creditor and the § 1129(e) issue raised by the UST. While it was then past the applicable un-extended 45-day period, the reasons for the delays were not due to want of

5

prosecution of this case; rather, such were due to the necessity of determining the property valuation/lien stripping issue prior to confirmation. While it is true that the evidentiary hearing on that issue was adjourned several times, such was done by stipulation of the parties and with Court permission. Further, the Court acted as expeditiously as possible in rendering its opinion on the property valuation/lien stripping issue, which was a key to confirmation. If the Court were to hold that a small business debtor's case must be dismissed simply because it is not confirmed within 45 days under the recited circumstances in this case (including the belatedness of the UST in raising the issue and/or not objecting to adjournments or proceedings scheduled for date(s) beyond the statutory limits now being asserted), the debtors in such cases would have little, if any, time to deal with any objections to confirmation and the statutory scheme would be frustrated and rendered impractical, requiring dismissals and re-filings for no particular reason. For the indicated reasons, the Court therefore does not adopt the UST's argument in this particular case.

The only remaining issue in this case regards feasibility of the plan, which Debtor claims should be easily addressed based on the fact that Debtor has been profitable since filing its petition, and that its revenues have exceeded projections. Attempted confirmation of the plan in this case is in the best interest of the parties and dismissing the case for failure to confirm the plan within the 45-day period would otherwise be inequitable and inappropriate for the reasons stated. An order is being entered concurrently, which sets an evidentiary hearing date at which the Court will hear evidence regarding the feasibility objection and any other objections to confirmation.

.

**Signed on July 27, 2011**
        **/s/ Walter Shapero**
    **Walter Shapero**
    **United States Bankruptcy Judge**